# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

BEACH TV PROPERTIES, INC.,

Plaintiff,

v.                                                            Case No. 3:06cv241/RV/MD

BELLSOUTH MOBILITY, LLC,
d/b/a CINGULAR WIRELESS,

Defendant.
_____/

## ORDER

Plaintiff Beach TV Properties, Inc. ("Beach TV"), brought this action in the Circuit Court for Okaloosa County, Florida, against Bellsouth Mobility, LLC ("Bellsouth"), alleging claims arising out of a property dispute. On May 24, 2006, Bellsouth filed a motion to dismiss in state court. Before the state court acted on that motion, Bellsouth timely removed the case to this court. The Plaintiff has now filed a motion to remand to state court. (Doc. 3).

**I.    DISCUSSION**

Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). The defendant, as the party removing this action to federal court, has the

burden of establishing federal jurisdiction.  See Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).  In considering a motion to remand when the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

      Beach TV objects to the Defendant's removal on two grounds. First, Beach TV contends that by filing a motion to dismiss with the state court, Bellsouth has waived its right to remove the case. A state court defendant may waive his right to remove a case to federal court if, before he removes, he takes some substantial action in the state court indicating his willingness to litigate in that tribunal. 14B C. Wright, & A. Miller, Federal Practice and Procedure § 3721 (3rd ed. 2004). Waiver will not occur, however, when "the defendant's participation in the state action has not been substantial or was dictated by the rules of that court." Id. The Eleventh Circuit has repeatedly held that the filing of a motion to dismiss in state court, without more, is insufficient to waive a defendant's right of removal. Cogdell v. Wyeth, 366 F.3d 1245 (11th Cir. 2004); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, 365 F.3d 1244 (11th Cir. 2004). Several district court cases, cited by the Defendant, do hold that the filing of a motion to dismiss waives the right of a defendant to remove his case to federal court. See, e.g., Kam Hon, Inc. v. Cigna Fire Underwriters Insurance Co., 933 F. Supp. 1060 (M.D. Fla. 1996). However, these cases were decided before Cogdell and Yusefzadeh, and, therefore, are contrary to the now well-established law of this circuit.  Filing the motion to dismiss was not a waiver of the defendant's right to remove.

      Beach TV also argues that, because Bellsouth argued in its motion to dismiss that Beach TV's complaint did not state a cause of action for damages, the amount in controversy requirement is not met. What this argument overlooks is that the amount in controversy in a particular case is determined by reference to the plaintiff's

complaint, not by any arguments made by the defendant. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316 (11th Cir. 2001) (district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is met). Here, Plaintiff is claiming damages of "at least $1,000,000.00", far exceeding the required jurisdictional amount of $75,000.00. Federal jurisdiction over this case is, therefore, proper.

## II.   CONCLUSION

For the above reasons, the Plaintiff's motion to remand (Doc. 3) is DENIED.
DONE AND ORDERED this 27th day of July, 2006.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**