UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BEACH TV PROPERTIES, INC.,

    Plaintiff,                                CASE NO.: 3:06-CV-241-RV-MD

vs.

BELLSOUTH MOBILITY, LLC,
d/b/a CINGULAR WIRELESS

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant New Cingular Wireless, PCS, LLC successor in interest to BellSouth Mobility, LLC, (hereinafter known as "Cingular")[1] by and through its undersigned counsel, respectfully re-submits this motion to dismiss Plaintiff Beach TV Properties, Inc.'s (hereinafter known as "Beach" or "Plaintiff") Complaint.[2] Specifically, Cingular moves to dismiss each of claims of the complaint – possession (count one), damages (count two), and waste (count three).

### I.    STATEMENT OF FACTS

Cingular is a provider of an array of wireless services. As part of its business

---

[1] BellSouth Mobility, LLC merged into New Cingular Wireless PCS, LLC on December 31, 2004.

[2] Cingular timely filed its original motion to dismiss in the state court on May 24, 2006. Before the state court ruled on its motion and pursuant to N.D. Fla. Loc. R. 7.2, a true and legible copy of the state court file, including the original motion to dismiss, was filed as an exhibit to Cingular's Notice of Removal. It has recently come to the undersigned's attention that this motion is not on the Court's pending motions docket. Consequently, Cingular is re-filing its original motion for ruling by this Court.

TPA#2220893.4

Cingular retains cell sites in various regions to expand its network, provide greater network depth, enhance transmission quality, and reduce the number of blocked and dropped calls for its subscribers. On May 15, 2003, Plaintiff and Cingular entered into a Tower Lease Agreement ("Lease Agreement') for a location in Destin, Florida. (Compl. ¶ 3). The Lease Agreement provided Cingular (1) space on a communications tower owned by Plaintiff for antennas used for cellular telephone communication and (2) space for installing an equipment shelter to house electrical equipment needed for cellular telephone communications. (Compl. ¶¶ 6-7).

Plaintiff purports to bring this action based on equipment drawings including antennas attached to the Lease Agreement. Significantly, Plaintiff fails to append those drawings to its Complaint. Consequently, Plaintiff's Complaint should be dismissed. In count one, Plaintiff improperly combines two distinct causes of actions and despite demanding a judgment awarding possession, Plaintiff openly admits that it has already retaken possession of the leased property. Accordingly, count one is moot should be dismissed. The Court should also dismiss counts two and three for failure to state a cause of action.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A.    Dismissal is Proper for Failure to Attach a Critical Portion of Lease Agreement.

Plaintiff's Complaint must fail because Plaintiff failed to incorporate or attach the relevant portions of its Lease Agreement to the Complaint. Florida Rule of Civil Procedure 1.130(a) provides that all contracts or documents "upon which action may be

brought ... shall be incorporated in or attached to the pleading."  Consequently, if a complaint is based on a written instrument, then that complaint "does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in" the complaint.  *See Safeco Ins. Co. v. Ware,* 401 So.2d 1129, 1130 (Fla. 4th DCA 1981).  The portion of the Lease Agreement which Plaintiff attached to its Complaint and upon which it relies for each count of its Complaint provides, in part, as follows:

> LANDLORD agrees that TENANT is authorized to perform, the installation, maintenance, and operation, all at TENANT's sole expense, of the following equipment and associated antennas:
>
> (a) Wireless antenna systems and associated equipment to be mounted on the Tower and in the foot range on the Tower, such type of systems, equipment, and range as stipulated in the attached <u>Exhibit A of this Agreement</u>  (underscoring added).

*See* Paragraph 6 of Lease Agreement attached to Complaint as Exhibit "1."  As framed by Plaintiff, the number and location of the antenna systems and associated equipment installed by Cingular at the Premises is the central matter in contention in this case.  Plaintiff however, failed to attach Exhibit A of the Lease Agreement to the Complaint.  Plaintiff's failure to attach Exhibit A of the Lease Agreement, which presumably addresses the central issue raised in the Complaint is contrary to the requirements of Rule 1.130(a) and grounds for dismissal.  *Striton Properties, Inc. v. City of Jacksonville Beach*, 533 So.2d 1174 (Fla. 1st DCA 1988).  Defendant Cingular hereby moves to dismiss this action brought against it on the grounds that Plaintiff has not satisfied the requirements of Rule 1.130(a).

**B.     Dismissal of Count I is Proper for Failure to State a Cause of Action for Possession.**

Plaintiff's cause of action for possession must fail because by Plaintiff's own admission, Cingular has already surrendered possession of the leased property. Plaintiff's own pleadings and exhibits attached thereto, affirmatively allege that Plaintiff has already retaken possession of its property and is trying to relet that property.[3] Hence, there can be no viable claim for possession. Moreover, in Plaintiff's September 8, 2005 letter to Cingular, Plaintiff advised that if Cingular failed to remove its equipment by November 23, 2005, Plaintiff would either consider that equipment abandoned or Plaintiff would remove the equipment at Cingular's expense. *See* Exhibit "3" to Complaint. Without waiving any of its defenses and or rights and in response to such a demand, Cingular promptly removed its antennas and left the site. To the extent Cingular has not removed any portion of its equipment from the Premises,[4] Plaintiff has already elected to treat the equipment as abandoned or has reserved the right to remove the equipment and to seek recovery of any associated removal costs from Cingular. *See* Exhibit "3" to Complaint. In summary, having already retaken possession of the Premises, Plaintiff has no cause of action for possession. As such, Count one the Complaint fails to state a cause of action for possession and should be dismissed.

An additional basis exists to dismiss Plaintiff's claim for possession. It is

---

[3] *See* Complaint, ¶ 32, in which Beach asserts it is presently attempting to rent the Premises to third parties.
[4] Cingular denies it is required to remove any remaining equipment under the terms of the Lease.

undisputed that Florida pleading practice allows pleading of alternative causes of action in one pleading. *Quality Type & Graphics v. Guetzloe*, 513 So.2d 1110 (Fla. 5th DCA 1987). If a plaintiff is unsure of the correct legal basis for relief, he may plead in the alternative. *Dichristopher v. Board of County Commissioners*, 908 So.2d 492 (Fla. 5th DCA 2005). With respect to actions for possession, Florida's Supreme Court has specifically approved different forms of pleading to recover possession for "eviction" (Form 1.947) and to recover possession for "unlawful detainer" (Form 1.938). However, Plaintiff has improperly blended these two quite distinct causes of action with their different elements into one single count. In Count one, Plaintiff specifically references both an action for unlawful detainer under Chapter 82, Florida Statutes, and an action for removal of a tenant under Chapter 83, Florida Statutes. This is improper pleading practice and such failure to comply with basic pleading procedure also justifies dismissal of this cause of action.

**C. Count II Fails to State a Cause of Action for Damages**

In Count two, Plaintiff asserts a claim for damages against Cingular in excess of $1,000,000 on the basis that Plaintiff has been unable to obtain a new tenant for the leased property due to Cingular alleged breach of the lease. (Compl. ¶¶ 32 – 33).

Assuming that there was a breach of the lease, Florida law provides that a lessor has three alternative courses of action: (1) The lessor may treat the lease as terminated and retake possession for his own account, thus terminating any further liability on the part of the lessee; or (2) the lessor may retake possession of the premises for the account of the lessee, holding the lessee liable for the difference between rental stipulated to be

paid under the lease agreement and what, in good faith, the lessor is able to recover from a reletting; or (3) the lessor may stand by and do nothing, holding the lessee liable for the rent due as it matures, which means all remaining rent due if there is an acceleration clause and the lessor chooses to exercise the right to accelerate.  *Coast Federal Savings and Loan Assoc. v. Deloach*, 362 So.2d 982, 984 (Fla. 2d DCA 1978); *Grove Restaurant and Bar, Inc. v. Razook*, 571 So.2d 596, 597 (Fla. 2d DCA 1990).  Florida courts have held that either of the first two choices excludes the third.  *Id.*

In this instance, the Lease Agreement contains no provision which would allow Plaintiff to accelerate future rents in the event of a breach by Cingular.  Without such a provision, Plaintiff is not entitled to accelerate any future rents.  *See National Advertising Co. v. Main Street Shopping Center*, 539 So.2d 594 (Fla. 2d DCA 1989).  Moreover, according to the Complaint, Plaintiff has retaken possession of the Premises for the purpose of reletting it.  *See* Compl. ¶ 32.  As a consequence, even assuming the lease agreement did contain an acceleration clause, which it clearly does not, Plaintiff would be prohibited from accelerating any future rents.  Specifically, by retaking possession either for his own account or for the account of the lessee, a lessor loses the right to recover the full amount of rental due on the basis of an acceleration clause.  *Coast Federal Savings and Loan Assoc. v. Deloach*, 362 So.2d 982, 984 (Fla. 2d DCA 1978); *Grove Restaurant and Bar, Inc. v. Razook*, 571 So.2d 596, 597 (Fla. 2d DCA 1990).

In fact, Plaintiff has repeatedly stated that it has **terminated** the lease.  Hence, as a matter of law, Plaintiff has retaken possession for its own account and has no claim for

loss of future rent. There was no rent owed when the Lease was terminated.[5] Accordingly, Count two of the Complaint fails to state a cause of action for damages and should be dismissed with prejudice.

### IV. Plaintiff Fails to State a Cause of Action for Waste

To support its contentions in Count three, Plaintiff alleges that Cingular improperly modified its installations on the Premises by adding approximately three new antennas and by expanding its equipment shelter without Plaintiff's authorization. Compl. ¶ 40. Waste is defined as the "<u>destruction or material alteration</u> of any part of a tenement by a tenant for life or years to the injury of the person entitled to the inheritance, as an unlawful act or omission of duty on the part of the tenant which results in <u>permanent</u> injury to the inheritance and as any spoil or destruction done or permitted with respect to lands, houses, gardens, trees, or other corporeal hereditaments by the tenant thereof, to the prejudice of him in reversion or remainder, or, in other words, to the <u>lasting</u> injury of the inheritance." (emphasis added) *Stephenson v. National Bank of Winter Haven*, 92 Fla. 347, 350, 109 So. 424, 425 (Fla.1926).

Even assuming Cingular did install one or more antennas on the Premises without Plaintiff's permission, which Cingular denies, all of Cingular's antennas were removed from the Premises by Cingular before Plaintiff retook possession of the Premises. *See* Compl. ¶¶ 22, 42. As such, Plaintiff cannot have suffered any injury, permanent or otherwise, as a result of Cingular's installation of antennas at the Premises.

---

[5] Pursuant to the Lease Agreement, Cingular has paid all the rent due and owing to Beach through June 2006. *See* Paragraph 24 of Lease Agreement attached to Complaint as Exhibit "1."

Plaintiff also alleges that Cingular committed waste by "expanding its equipment shelter in a manner that exceeded the approved areas both within and outside the Site, including, without limitation, placement of support column(s) outside the boundaries of the Premises." Compl. ¶ 40. Contrary to Plaintiff's assertions, however, Plaintiff expressly granted to Cingular

> the right to use such portions of LANDLORD's contiguous or surrounding property ("LANDLORD's Surrounding Property") as are reasonably required during construction, installation, maintenance and operation of the Communications Facility.

*See* Paragraph 6 of Lease Agreement attached to Complaint as Exhibit "1." The Lease Agreement provided Cingular "approximately six hundred square feet adjacent to the Tower… for the purposes of installing an equipment shelter to house electronic equipment…" Compl. ¶ 7. To the extent the equipment shelter was installed outside the boundaries of the Premises, such installation was done with the explicit consent of Plaintiff, as set forth in the above provision of the Lease Agreement. The rule to be applied here is succinctly stated in 78 American Jurisprudence, Waste § 20 as follows: "[o]f course, an alteration authorized by agreement of the parties will not be considered waste." *See also Stephenson*, 92 Fla. 351, 109 So. 426. Accordingly, Plaintiff has failed to state a cause of action for waste and this count should be dismissed.

## CONCLUSION

For the foregoing reasons, Cingular requests this motion be granted and the Court dismiss Counts I, II and III of the Complaint with prejudice, together with such other relief as the Court deems appropriate including an award of reasonable attorneys fees and costs pursuant to the Lease Agreement.

Respectfully submitted,

s/ Penelope A. Dixon
Penelope A. Dixon- Trial Counsel
Florida Bar Number 0335680
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
E-Mail:  pdixon@carltonfields.com
Attorneys for New Cingular Wireless PCS, LLC

## CERTIFICATE OF CONFERRAL

The undersigned has consulted with counsel for the plaintiff, Casey Jernigan, who does not agree with the relief sought.

s/ Penelope A. Dixon
Attorney

## CERTIFICATE OF SERVICE

I CERTIFY that on the 14th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: D. Michael Chesser and Casey Jernigan, 1201 Eglin Parkway, Shalimar, Florida 32579.

s/ Penelope A. Dixon
Attorney