# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

BEACH TV PROPERTIES, INC.,

    Plaintiff,

v.                                                          Case No. 3:06cv241/RV/MD

BELLSOUTH MOBILITY, LLC,
d/b/a CINGULAR WIRELESS,

    Defendant.

_____/

## ORDER

Now pending before the Court is Defendant New Cingular Wireless, PCS, LLC's motion to dismiss (Doc. 7).[1]

## I.   BACKGROUND

Plaintiff Beach TV Properties, Inc. ("Beach TV") originally filed this litigation in the Circuit Court for Okaloosa County, Florida, against Defendant Bellsouth Mobility, LLC, now New Cingular Wireless, PCS, LLC ("Cingular"), alleging claims arising out of a property dispute. The case was thereafter removed to this federal court, after which I denied Beach TV's motion to remand. Cingular now moves to dismiss. The following facts are alleged in the Complaint and assumed true for purposes of this Order.

Beach TV owns a communications tower located on the property at issue in this case. On or about May 15, 2003, Beach TV and Cingular entered into a Tower Lease

---

[1] New Cingular Wireless, PCS, LLC is the successor in interest to the originally-named defendant, BellSouth Mobility, LLC.

Agreement (the "Agreement"), under which Beach TV leased to Cingular: (i) space on the Tower for the installation of antennas used for cellular telephone communication; and (ii) approximately six hundred (600) square feet of land adjacent to the Tower for the installation of an equipment shelter to house certain electronic equipment. Beach TV alleges that the Agreement precluded Cingular from installing and utilizing antennas of a certain size, weight, and windload, and, furthermore, that Cingular was limited by size and location restrictions as to the equipment shelter. At bottom, the Agreement provided that any alterations to the Tower or equipment shelter must be consistent with standards of "good engineering practices." Cingular purportedly breached the Agreement by installing several antennas that exceeded the maximum windload and by modifying the equipment shelter in an unapproved manner, both of which without consent and in violation of "good engineering practices."

As a result of the foregoing, Beach TV notified Cingular that the new antennas and the modified equipment shelter constituted a breach of the Agreement. Under the terms of the Agreement, Beach TV notified Cingular that it had sixty (60) days to cure the breach, or else Beach TV would "terminate" the Agreement. After the expiration of that time, Beach TV terminated the Agreement and, pursuant to the terms of the lease, gave Cingular ninety (90) days to remove all of its equipment from the premises, which Cingular did not do. This lawsuit followed.

Beach TV has filed a three-count Complaint, stating claims of Possession (Count I); Damages (Count II); and Waste (Count III). Cingular raises four grounds in its motion to dismiss, one of which seeks dismissal of the entire Complaint, while the other three challenge independently each separate cause of action for failure to state a claim.

## II.  APPLICABLE LAW

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to

dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. <u>See</u>, <u>e.g.</u>, <u>Cruz v. Beto</u>, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); <u>Hunnings v. Texaco, Inc.</u>, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III.   DISCUSSION

<u>A. Failure to attach "Exhibit A" to the Complaint</u>

Cingular first moves to dismiss the entire Complaint because Beach TV failed to attach certain "equipment drawings" that were referenced in a critical portion of the Agreement, in violation of Rule 1.130(a) of the Florida Rules of Civil Procedure. The pertinent portion of the Agreement references "Exhibit A," which apparently contains complex engineering specifications relative to the antennas used on the Tower. Beach TV asserts that the specifications are too voluminous to attach and that, in any event, the portions of the Agreement and other exhibits that were attached to the Complaint are sufficient to inform Cingular of the allegations being asserted against it.

Rule 1.130(a) provides that all written documents upon which an action is based (*or the material portions thereof*) "shall be incorporated in or attached to the pleading." <u>See</u> <u>Safeco Ins. Co. v. Ware</u>, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981) (holding that a complaint based upon a written contract "does not state a cause of action until the instrument *or an adequate portion thereof* is attached to or incorporated" into the complaint) (emphasis added). As the foregoing emphasized language demonstrates, it is not necessary to attach all parts of, and exhibits to, a written contract if the material portions are provided. <u>See</u> <u>Railey v. Skaggs</u>, 220 So.2d 689, 690 (Fla. 3d DCA 1969) (where a document was perhaps relevant evidence in an action to remove trustees for breach of fiduciary duty, but not the actual document upon which the cause of action was based, *i.e.*, the trust instrument, a motion to dismiss the complaint for failure to attach the proposed agreement was properly denied). Here, Beach TV has attached the actual Agreement itself, which is the basis for this suit. "Exhibit A" was not attached because of its voluminousness. The failure

to attach the equipment drawings was not fatal because the Complaint (and the exhibits already attached thereto) were sufficient to inform Cingular of the allegations at issue. To the extent Cingular may not already have, and may need to obtain, the equipment drawings contained in "Exhibit A," that is what discovery is for. According, Cingular's motion to dismiss on this specific basis is DENIED.[2]

B. Failure to state a claim for possession (Count I)

Next, Cingular moves to dismiss the cause of action for possession (Count I) because: (i) Cingular has already surrendered possession of the leased property, and (ii) Beach TV has co-mingled claims in such a way as to constitute improper pleading.

As to the first claim, the argument must be rejected. Cingular argues that it has surrendered possession of the property, as evidenced by Beach TV's allegation that it "has made commercially reasonable efforts to obtain a new tenant." See Complaint at ¶32. But, an attempt by Beach TV to obtain a new tenant does not, in and of itself, demonstrate that Cingular has forfeited possession of the land. To the contrary, Beach TV maintains that Cingular is "now unlawfully detaining the Leased Property;" that it is engaged in "unlawful detention of the Leased Property;" and that it so far refuses to "relinquish possession of and remove its equipment from the Leased Property." See Complaint at ¶¶24-26. Indeed, even in the portion of the Complaint on which Cingular has based its argument, Beach TV appears to utilize the *present tense* in asserting that it has tried to obtain a new tenant for the property being "occupied by Defendant." Id. at ¶32. At this stage of the proceedings, I cannot look beyond the four corners of the Complaint (and the attachments) and must accept all allegations contained therein as

---

[2] I recognize that Rule 1.130(a) is a rule of Florida *state* civil procedure that would not ordinarily be relevant in a *federal* case. However, as noted, this case was originally filed in state court. Consequently, it was proper for this Court to engage in the above analysis and consider whether Beach TV complied with the applicable state rule. See, e.g., Lee v. Putz, 2006 WL 1791304, at *3 (W.D. Mich. June 27, 2006).

true. Therefore, although the evidence may ultimately reveal otherwise, the allegations in the Complaint suggest that Cingular has not surrendered possession of the property.

Cingular's alternative argument for dismissal of the possession count does seem to have merit, however. Cingular argues that Beach TV has improperly co-mingled two distinct causes of action (eviction and unlawful detainer) by putting them together in the same count, in violation of basic pleading procedure. Cingular's argument on this issue is well-founded. Beach TV impliedly concedes the point, as its only argument in response is that "[i]n the event this Court finds that the actions under the two Chapters of the Florida Statutes are improperly combined, the Plaintiff requests leave to amend." It is not necessary that Beach TV request leave to amend, however, as it is entitled under the rules to amend the Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Because Cingular's motion to dismiss does not qualify as a responsive pleading [see Williams v. Board of Regents of University System of Georgia, 441 F.3d 1287, 1296 (11th Cir. 2006)], Beach TV was (and still is) permitted to amend without leave of Court.

### C. Failure to state a claim for damages (Count II)

Cingular argues that Beach TV has also failed to present a cause of action for damages (Count II). Specifically, Cingular argues that under Florida law Beach TV had three alternative courses of action that it could take with respect to a breach of the lease agreement: (i) it could have terminated the lease and retook possession of the land for its own account, thus terminating any further liability on the part of Cingular; (ii) it could have retook possession for Cingular's account, thus holding Cingular liable for the difference between the stipulated rent and the good faith amount that Beach TV was able to recover from reletting; or (iii) it could have stood by and done nothing, holding Cingular liable for the rent as it matures. See Coast Federal Savings and Loan Assoc. v. DeLoach, 362 So.2d 982, 984 (Fla. 2d DCA 1978). According to Cingular, Beach TV is not entitled to damages as it terminated the lease *and* retook possession. Although the first contention is made clear from the allegations in the Complaint itself,

*Case No: 3:06cv241/RV/MD*

see Complaint at ¶20, for all the reasons noted above, it cannot be determined on this record that Beach TV has retaken actual possession. Furthermore, although the Complaint itself is by no means a model of clarity, Beach TV has explained in response to Cingular's motion to dismiss that its claim for damages is based, at least in part, on the allegedly unauthorized *modifications* to the tower and equipment shelter (not only the loss of rent). If Beach TV is able to establish that the modifications were done and that they were unauthorized, Beach TV may be entitled to damages. Cingular's motion to dismiss this Count is, therefore, DENIED.

### D. Failure to state a claim for waste (Count III)

And lastly, Cingular moves to dismiss the claim for waste (Count III). Waste is defined as:

> the destruction or *material alteration* of any part of a tenement by a tenant for life or years to the injury of the person entitled to the inheritance, as an unlawful act or omission of duty on the part of the tenant which results in *permanent injury* to the inheritance and as any spoil or destruction done or permitted with respect to lands, houses, gardens, trees, or other corporeal hereditaments by the tenant thereof, to the prejudice of him in reversion or remainder, or, in other words, to the *lasting injury* of the inheritance.

Stephenson v. Nat'l Bank of Winter Haven, 109 So. 424, 425 (Fla. 1926) (emphasis added). Cingular argues that Beach TV has not sufficiently pled a cause of action for waste because it has not "suffered any injury, permanent or otherwise, as a result of Cingular's installation of antennas at the Premises" and because the modifications to the equipment shelter were in fact authorized under the lease. But, Beach TV alleges in its Complaint that the modifications were unauthorized and that they resulted in a "*material alteration* of the Leased Property." See generally Complaint at ¶41 (emphasis added). While discovery and record evidence may reveal the claim to be without merit, at this stage in the proceedings, I must conclude that Beach TV has stated a claim for waste.

*Case No: 3:06cv241/RV/MD*

### IV.	CONCLUSION

As to the one specific ground noted above, Cingular's motion to dismiss (Doc. 7) is well-taken. Beach TV shall have fourteen (14) days from the date of this Order to file an Amended Complaint, correcting the pleading deficiency described above. If Beach TV does not file an Amended Complaint within that time period, however, Cingular's motion to dismiss that specific count (Count I) will be GRANTED. In all other respects, Cingular's motion will be, and is, hereby DENIED.

DONE AND ORDERED this 18th day of October, 2006.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**